IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 93-84 |
| | ) | Criminal No. 12-119 |
| JERRON LOLLIS, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 24th day of July, 2012, upon consideration of Defendant's pro se Motion Pursuant to "FRAP Rule 5(a)(3) [for] Permission to File an Appeal" (document No. 255 at CR 93-84 and document No. 8 at CR 12-119) filed on July 17, 2012,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Defendant's pro se "Motion to Consolidate Appeal" (document No. 255 at CR 93-84 and document No. 8 at CR 12-119) filed on July 17, 2012,

IT IS HEREBY ORDERED that said Motion is DENIED as moot.

On May 8, 2012, after a hearing, the Court found that Defendant had violated his supervised release in the above captioned cases. Accordingly, the Court revoked Defendant's supervised release and sentenced him to a term of imprisonment of 37 months at CR 93-84 and 24 months less one day at CR 12-119, to be served consecutively and to be followed by a term of supervised release of 59 months. The judgment and commitment order at CR 12-119 was

1

entered on May 8, 2012, and the amended judgment and commitment order at CR 93-84 was entered on May 9, 2012. Defendant filed a notice of appeal on May 15, 2012, but moved to withdraw the notice the next day. (Document Nos. 249 and 250). On May 21, 2012, the Court granted Defendant's motion to withdraw the notice.

Defendant now wants permission to file a new appeal. However, pursuant to Federal Rule of Appellate Procedure 4(b)(4), this Court can extend the time to file a notice of appeal no more than 30 days. Pursuant to Rule 4(b)(1)(A), a criminal defendant's notice of appeal must ordinarily be filed within 14 days of the entry of judgment or the filing of the Government's notice of appeal. As noted, judgment was entered on May 8 and 9, 2012, and the Government has not filed a notice of appeal. Defendant was required to file a notice of appeal, therefore, no later than May 23. Although he did file such a notice within that time period, he withdrew it. His present motion is well past the 30-day limit beyond the May 23 deadline which is within the power of this Court to grant.

Defendant attempts to get around the timing requirements by asking the Court to allow him to withdraw his withdrawal of his appeal, which he claims would render his original notice of appeal valid and timely. However, allowing Defendant to do this would, in essence, be allowing him to file a notice of appeal beyond the permissible time limit, as he has no currently pending notice. This

2

Court cannot grant such an extension. Even if it could, Rule 4(b)(4) requires that Defendant establish excusable neglect or good cause for his untimely filing. Although Defendant claims that he received improper legal advice which led him to withdraw his appeal, he has in no way indicated why he is only now seeking to reinstate his appeal. Moreover, although Defendant appears to rely on Rule 5(a) in support of his motion, nothing in that Rule changes this Court's authority to grant extensions of time.

Accordingly, Defendant's Motions are denied.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

cc: Jerron Lollis, #04759-068
FCI Pollock
P.O. Box 4050
Pollock, LA 71467